UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN CHANSE RIDER,<br><br>Petitioner,<br>v.<br>ESMERALDA COUNTY SHERIFF,<br><br>Respondent. | Case No. 2:17-cv-02822-RFB-VCF<br><br>ORDER |

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by pretrial detainee Justin Chanse Rider (ECF No. 6). In response to this court's order, respondents have filed an amended motion to dismiss the petition and included relevant portions of the state-court record (ECF No. 25). Respondents also inform the court that they will supplement the record with the most recent state-court proceedings, including a hearing that took place on the date respondents filed their amended motion to dismiss. Accordingly, the original motion to dismiss is dismissed without prejudice, and the court will set a new briefing schedule for the amended motion to dismiss.

Rider has also filed a motion for appointment of counsel (ECF No. 17). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel

would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Rider's petition sets forth his claim clearly, and the legal issue is not complex. Therefore, the court concludes that counsel is not justified; Rider's motion is denied.

Next, the court will grant Rider's first motion to supplement the petition, which respondents do not oppose (ECF Nos. 15, 16). Rider has also filed a second motion to supplement the petition (ECF No. 18). However, respondents are correct that the proposed second supplement does not add any additional federal habeas grounds or additional factual allegations in support of Rider's petition. The second motion to supplement is denied. Finally, Rider has filed a motion for summary judgment or evidentiary hearing (ECF No. 19). The motion is unsupported and premature; it is denied.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **DISMISSED** without prejudice as set forth in this order.

**IT IS FURTHER ORDERED** that respondents shall file any supplemental exhibits to the amended motion to dismiss (ECF No. 25) within **thirty (30) days** of the date of this order or shall file a notice with the court as to the status of any relevant outstanding portions of the state-court record.

**IT IS FURTHER ORDERED** that petitioner shall file his opposition to the amended motion to dismiss, if any, within **forty-five (45) days** of the date of this order. Respondents shall file their reply in support of the motion to dismiss, if any, in accordance with the normal briefing schedule set forth in the local rules.

**IT IS FURTHER ORDERED** that petitioner's unopposed first motion for leave to file a supplement to the petition (ECF No. 15) is **GRANTED**. The Clerk **shall DETACH and FILE** the supplement to the petition (ECF No. 15-1).

**IT IS FURTHER ORDERED** that petitioner's second motion for leave to supplement the petition (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 17) and motion for summary judgment or evidentiary hearing (ECF No. 19) are **both DENIED** as set forth in this order.

DATED: September 24, 2018.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE