UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN CHANSE RIDER,<br><br>Petitioner,<br>v.<br><br>ESMERALDA COUNTY SHERIFF,<br><br>Respondent. | Case No. 2:17-cv-02822-RFB-VCF<br><br>ORDER |

Petitioner Justin Chanse Rider filed a *pro se* petition for writ of habeas corpus by a pretrial detainee pursuant to 28 U.S.C. § 2241 (ECF No. 6). Before the court is respondents' amended motion to dismiss the petition (ECF No. 25). Rider opposed the motion, and respondents replied (ECF Nos. 29, 30). Rider filed motions to supplement his petition (ECF Nos. 31, 32). Though the court notes that it is not entirely clear what these supplements add to the petition, the motions are granted. The supplements (ECF Nos. 31-1, 32-1) will be considered part of Rider's petition.

**I.    Background and Procedural History**

Rider is a pretrial detainee who was arrested in Texas in February 2015 (ECF No. 6, pp. 7-9). He was returned to Nevada in March 2015, and he has been in the custody of the Esmeralda County Sheriff since that time. *Id.* He faces felony charges of sexually abusing his daughter. Rider was appointed counsel, but ultimately litigated his right to represent himself and has subsequently proceeded in the Fifth Judicial District pro se with court-appointed standby counsel. He filed a state pretrial habeas corpus petition, which

/ / /

was denied (*see* Nevada Supreme Court Case No. 74024).[1] The Nevada Supreme Court dismissed his appeal for lack of jurisdiction because no appeal lies from an order denying a pretrial habeas petition. *Id.*

Rider's first jury trial in April 2018 ended in a jury hung 11 to 1 in favor of conviction, and the State elected to re-try Rider (ECF No. 31-1; ECF No. 25, p. 4). Respondents inform the court that Rider was recently tried in Fifth Judicial District Court, and the trial ended in a mistrial and hung jury (*see* ECF No. 21, p. 2). A new trial date was set for September 2018. Apparently, Rider sought a continuance while he attempted to subpoena several out-of-state witnesses, and the trial was moved to December 2018 (*see* ECF No. 31-1, p. 2; ECF No. 28, p. 2). The court then granted Rider's request for a continuance as he continued to attempt to subpoena the Texas witnesses and moved the trial date to February 2019. The record reflects nothing further. Rider asks this court to direct the state court to release him from custody pending trial.

**II.    Legal Standards & Analysis**

As a general rule, even when the claims in a petition have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969).

This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the Younger abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. There are three exceptions to the Younger abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 45-50.

---

[1] This court takes judicial notice of the online docket of the Nevada Supreme Court.

Here, the record reflects that Rider was initially appointed counsel, was dissatisfied with a series of appointed attorneys, and ultimately litigated his right to represent himself (exhibit 6, pp. 17-21).[2] Since that time, Rider has represented himself and has had court-appointed standby counsel. As stated, Rider's first jury trial resulted in a hung jury and mistrial. Since then, Rider has filed two federal 1983 civil rights actions regarding his conditions of confinement in this court. Respondents also state that Rider has filed two civil rights actions in state district court (*see* ECF No. 25, p. 4, n.1).

The record reflects that the state district court has carefully considered Rider's pretrial detainee habeas claim. At an August 2017 hearing on the petition, the court first noted that bail was set in Rider's case.

> I have set bail in this case. You have asked me to reconsider it. I did.
>
> And now you filed a writ asking for the exact same thing. So, I don't care what you call it. The bottom line is, I have ruled on the issue. You have offered nothing new in the scope of that that tells me, you have. I have set bail that is reasonable in light of the charges that you are facing.
>
> And I believe the bail is set, if I recall correctly, at $100,000, and you are looking at nine separate offenses, which are, involve, quite frankly, life in prison without the possibility of parole. So, I think the bail amount is reasonable. I have set bail. The fact that you are not happy with Esmeralda County is not a basis for me to release you.

Exh. 6, p. 17.

The court also laid out the many delays and pointed out that, while Rider has a right to be prepared for trial, he has failed to acknowledge that he has largely caused the delay. The court noted the following: Rider's case was set for trial, and he asked for a continuance. Rider insisted on having a certain investigator, and he also litigated his right to represent himself at the Nevada Supreme Court. The court continued:

> This is all delay associated with your case that you're putting all the blame on behalf of the State. But it's time that you hold the mirror up and look at yourself. And look at what's in the file.

---

[2] Exhibits referenced in this order are exhibits to respondents' amended motion to dismiss, ECF No. 25, and are found at ECF No. 25.

> I am not here for you to argue with me. I'm telling you that there are two sides to this story, Mr. Rider, and you're hearing, or have your blinders on and your mirror shut off on both sides of it here.
>
> A lot of this delay has been on your behalf.
>
> So, you can't, you are not permitted, Mr. Rider, to delay and delay, and get a continuance, and then throw it back to the state to say, Your Honor, you got to let me out because I haven't gone to trial for 30 months.
>
> You have had a trial continuance. I am not obligated, you're not my only case. In fact, I have about 2,000 cases a year.
>
> So, when you say I want a right to a speedy trial, the law requires me to get your matter set as quickly as I can on my congested calendar. And I have done that. I have moved matters to accommodate you.
>
> I have asked how much time you needed. I have given you additional fees for an investigator. So, I think you need to understand that there are two sides to this. And you keep pushing the same rhetoric, the same story time and time again.

Exh. 6, pp. 20-21. Rider has not shown bad faith or irreparable injury. He has not shown that there is no adequate alternative state forum as the state district court has thoroughly considered his claims. Rider simply has not demonstrated any extraordinary circumstances that would warrant this court's interference in his state-court proceedings. The court therefore finds that it must abstain pursuant to *Younger*. Respondents motion to dismiss Rider's habeas corpus petition is granted.

### III. Certificate of Appealability

This is a final order adverse to the petitioner. Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4

(1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Rider's petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Rider's petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the petition (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's two motions for leave to supplement the petition (ECF Nos. 31, 32) are both **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment and close this case.

DATED: April 23, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE