UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN CHANSE RIDER,<br><br>　　　　　Petitioner,<br>　　v.<br><br>ESMERALDA COUNTY SHERIFF,<br><br>　　　　　Respondent. | Case No. 2:17-cv-02822-RFB-VCF<br><br>ORDER |

This Court dismissed Justin Chanse Rider's *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus by a pretrial detainee based on the Younger doctrine, which provides that federal courts generally abstain from interfering in ongoing state criminal proceedings. (ECF No. 34). Judgment was entered. (ECF No. 35).

Nearly two months later, Rider filed what he styled as a Motion for Reconsideration under either Federal Rule of Civil Procedure 59 (Motion to Alter or Amend the Judgment) or 60 (Motion for Relief from Judgment). A Rule 59 motion must be brought within twenty-eight days of entry of judgment. Fed. R. Civ. P. 59(e). Due to the timing of filing, Rider's motion is more appropriately viewed as a Motion for Relief from Judgment pursuant to Rule 60(b).

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A Rule 60(b) motion must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

1

Rider challenges his detention while he awaits trial for sexual assault in the Fifth Judicial District in Nevada. Rider, who litigated his right to proceed in state court *pro se*, has moved the state district court several times over a period of years to continue his trial as he attempts to subpoena out-of-state witnesses.

This Court dismissed Rider's federal pretrial habeas petition out of comity concerns for the state courts. As a general rule, even when the claims in a petition have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. See, e.g., Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Carden v. State of Montana, 626 F.2d 82, 83-85 (9th Cir. 1980); Davidson v. Klinger, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).[1]

This Court further noted that the state court record reflected that the state district court has carefully considered Rider's pretrial detainee habeas claim and related motions for pretrial release.

Here, Rider argues that developments in his state-court proceedings that occurred after this Court dismissed his federal petition warrant relief. (ECF No. 36). He asserts that out-of-state witnesses have failed to cooperate with his subpoenas and that the failure is due to egregious actions by the State. He does not elaborate at all regarding what constitute the egregious actions. He attaches the transcript from an April 29, 2019 state district court hearing on his most recent motion for dismissal or in the alternative motion for continuance of trial. (ECF No. 36, pp. 83-126). While not a final order, the transcript reflects that the court granted Rider's motion for a continuance in order to pursue securing the presence of the out-of-state witnesses. Id. at 121. In the instant Motion for

---

[1] Under the Younger abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. There are three exceptions to the Younger abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised. 401 U.S. at 45-50.

Reconsideration, Rider advises this court that on May 6, 2019 he moved the state district court for relief from pretrial detention due to the egregious conduct of the State but the motion was denied on May 9, 2019. Id. at 2-3. However, it is unclear whether a written order has issued yet.

In their opposition, Respondents elucidate that Rider's Motion for Reconsideration is based on events that occurred after this Court dismissed his petition (ECF No. 37). Later developments are not newly-discovered evidence that might warrant relief under Rule 60(b). They also argue that granting Petitioner's own request for a continuance is not grounds for habeas relief. See, e.g., Williams v. Los Angeles Sup. Ct., 2014 WL 2533804, *4 (C.D. Cal., June 4, 2014) (speedy trial considerations can be a basis for 28 U.S.C. § 2241 relief, but only where the petitioner is seeking to force a trial).

Rider has not presented anything that changes this Court's previous analysis under Younger. In fact, the record indicates that the state district court has been and continues to be proactive in closely monitoring and managing Rider's state proceedings and his numerous requests for continuance. Accordingly, Rider's Motion for Reconsideration is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 36) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

DATED: 13 May 2020.

                                      RICHARD F. BOULEWARE, II
                                      UNITED STATES DISTRICT JUDGE